U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

MAR - 9 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CELESTE ANN HARRIS, ET AL.** | : | **DOCKET NO. 2:07 CV 1187** |
| **VS.** | : | **JUDGE MINALDI** |
| **CITGO PETROLEUM CORPORATION** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court is a Motion to Strike Expert Witnesses [doc. 35] filed by the defendant, Citgo Petroleum Corporation ("Citgo").

Citgo filed its motion to Strike on February 17, 2008. On February 18 the Clerk's Office issued a Notice of Motion Setting that listed Citgo's Motion as being filed on February 17, and stated that "responses to said motion are due within fifteen calendar days after service of the motion."[1] Fifteen (15) days from February 17 was Wednesday, March 4, 2009. No opposition was timely filed. The court, therefore, considers this motion unopposed.

The deadline set by the court for designation of experts was December 17, 2008. The plaintiff did not produce anything on or before that date. No extension of time was requested from the court. On February 9, 2009, the plaintiffs' counsel faxed Citgo's counsel a letter stating that the plaintiffs had retained a toxicologist, Dr. Vincent Wilson, Ph.D., as an expert witness. Attached to the letter was Dr. Wilson's resume. The trial of this matter is scheduled for March 17, 2009.

Fed.R.Civil.P.26(a)(2) states:

---

[1] Notice of Motion Setting (Feb. 18, 2009) [doc. 36].

1

**(2)** *Disclosure of Expert Testimony.*

**(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

**(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;

**(ii)** the data or other information considered by the witness in forming them;

**(iii)** any exhibits that will be used to summarize or support them;

**(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

**(v)** a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

**(vi)** a statement of the compensation to be paid for the study and testimony in the case.

**(C)** *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

**(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

Federal Rules of Civil Procedure Rule 26

Little, if any, of the information required by Rule 26 was provided to Citgo by the plaintiffs.

District courts have broad discretion to exclude untimely disclosed expert-witness testimony.

*Pride v. BIC Corp.*, 218 F.3d 566, 578-79 (6th Cir.2000)(upholding the exclusion of untimely expert-witness reports and affidavits). Federal Rule 26(a)(2)(B) requires parties to make mandatory disclosure of their experts. The Rule clearly requires a party using a retained expert to furnish a written report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed.R.Civ.P. 26(a)(2)(B); *Matilla v. South Kentucky Rural Elec. Co-op. Corp.*, 240 Fed.App'x. 35, 42, 2007 WL 1804342, 6 (6th Cir. 2007).

Federal Rule of Civil Procedure 37(c)(1) requires compliance with Rule 26(a), " 'mandat[ing] that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.' " *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir.2003)(quoting *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir.1998)(noting that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless."))

Accordingly, considering the untimely and insufficient compliance with the requirements of Rule 26, IT IS ORDERED that Citgo's motion to strike the plaintiff's expert and to exclude any testimony by Vincent Lee Wilson IS GRANTED.

Lake Charles, Louisiana, this 9 day of March, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE